UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re

    Shawn Ballone,

                Debtor.

Chapter 13
10-20294-PRW

**DECISION AND ORDER
DENYING MOTION TO VACATE
ORDER OF DISMISSAL**

PAUL R. WARREN, United States Bankruptcy Judge

    This decision is necessitated by another in a series of motions—in unrelated Chapter 13 cases—requesting that the Court vacate a final order of dismissal and "reinstate" the Chapter 13 case. The Court again reminds debtors and their counsel of the limited circumstances for which motions to vacate a final order of dismissal may be granted under Rule 60 FRCP, as modified by Rule 9024 FRBP. *See also In re Trine*, No. 13-21520, 2015 Bankr. LEXIS 154, at *8 n.1 (Bankr. W.D.N.Y. Jan. 16, 2015).

    Shawn Ballone, a Chapter 13 debtor ("Ballone"), has moved to vacate an order dismissing his bankruptcy case (ECF No. 54). The order of dismissal was entered on November 17, 2014 (ECF No. 51). The motion does not point to Rule 60(b) FRCP, as modified by Rule 9024 FRBP, as its basis, nor does it point to any other rule, statutory provision, or precedent as its foundation.[1] The Chapter 13 Trustee opposes the motion due to Ballone's failure to allege any grounds for relief under Rule 60 FRCP (ECF No. 60). Candidly acknowledging that his

---

[1] The fourteen-day time limit for Ballone to move under Rule 59 FRCP, as modified by Rule 9023 FRBP, had elapsed well in advance of the filing of the motion.

Chapter 13 plan is presently $18,800 in arrears—which was the reason the Court granted the Trustee's motion to dismiss the case—Ballone seeks to have his Chapter 13 case "reinstated" so that he can attempt to complete payment of his nearly five-year-old plan (ECF No. 54). Because Ballone fails to allege any facts that would provide a specific basis for relief under Rule 60(b)(1) through (5) FRCP, or extraordinary circumstances that would warrant relief under Rule 60(b)(6) FRCP, the motion to vacate the Court's final order of dismissal is **DENIED**.

I.

FACTS

Ballone filed for Chapter 13 bankruptcy relief on February 18, 2010 (ECF No. 1). As a self-employed landscape contractor, Ballone proposed a Chapter 13 plan payment structure that was crafted to accommodate the seasonal nature of his business, committing to make plan payments totaling $11, 740 each year for five years (ECF Nos. 14, 23). The plan was confirmed by Order entered June 9, 2010 (ECF No. 25).

In April 2012, the Trustee moved—for the first time—to dismiss Ballone's case, due to a default in plan payments totaling $3,762.00 (ECF No. 34). The motion was adjourned several times to allow Ballone to bring his plan payments current (ECF Nos. 37, 38). The motion was withdrawn once the plan delinquency was addressed (ECF No. 39). In March 2013, the Trustee moved—for the second time—to dismiss Ballone's case, this time due to plan payment defaults totaling $6,270.00 (ECF No. 40). The Trustee again provided Ballone an opportunity to bring his plan payments current, by agreeing to adjourn the dismissal motion (ECF No. 43). The motion was withdrawn once the delinquency was addressed (ECF No. 44).

2

As it sometimes does, history repeated itself. In July 2014, the Trustee moved—for the third time—to dismiss Ballone's case, due to plan payment defaults totaling $7,524 (ECF No. 45). The Trustee again provided Ballone an opportunity to catch-up his plan payments, by agreeing to adjourn—for four months—the hearing on the motion to dismiss (ECF Nos. 48, 49, 50). Predictably, Ballone did not bring his plan payments current during the time that the motion to dismiss was held in abeyance. On November 17, 2014, at the Trustee's request, the Court entered the final order dismissing this case, pursuant to 11 U.S.C. § 1307(c)(6). As of the return date of the adjourned motion to dismiss, not only had Ballone failed to cure the plan payment default in the amount of $7,524, he had accumulated significant *additional* plan payment arrearages during the four months that the Trustee's motion to dismiss was held in abeyance at Ballone's request. The plan payment arrears totaled $18,800 as of the return date of Ballone's motion to vacate the order of dismissal.

## II.

## CONCLUSIONS OF LAW

As the docket in this case demonstrates, the Court goes to great lengths to work with sincere, but struggling, Chapter 13 debtors as they try to navigate the shoals and eddies sometimes encountered during the Chapter 13 journey. Congress has also gone to some lengths to provide a statutory mechanism to permit modification of a confirmed plan, and in exceptional circumstances, to permit a hardship discharge—perhaps in recognition of the fact that life does not always happen exactly as we expect. *See* 11 U.S.C. §§ 1328, 1329. However, when the Court enters a final order dismissing a case, the ability of a debtor to obtain vacatur of that order

3

is necessarily constrained by Rules 59 and 60 FRCP, as modified by Rules 9023 and 9024 FRBP.[2]

Here, the Court treats Ballone's motion as having been brought under Rule 60(b) FRCP, as the time to bring a motion under Rule 59 FRCP had expired prior to the filing of the motion. Because Ballone's motion does not specifically allege any grounds for relief under Rule 60(b) FRCP—and indeed, the motion makes no mention of Rule 60 FRCP—the Court must consider each of the six grounds for relief provided by Rule 60(b):

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As this Court recently observed in *In re Trine*, Rule 60(b)(6)—the "catch-all" provision—is only available if grounds under Rule 60(b)(1) through (5) do not exist. *In re*

---

[2] "When the situation was manageable it was neglected, and now that it is thoroughly out of hand we apply too late the remedies which then might have effected a cure. There is nothing new in the story. It is as old as the Sibylline Books. It falls into that long, dismal catalogue of the fruitlessness of experience and the confirmed unteachability of mankind. Want of foresight, unwillingness to act when action would be simple and effective, lack of clear thinking, confusion of counsel until the emergency comes, until self-preservation strikes its jarring gong—these are the features which constitute the endless repetition of history." Sir Winston Spencer-Churchill, *Air Parity Lost*, Address at the House of Commons (May 2, 1935).

Case 2-10-20294-PRW    Doc 63    Filed 02/05/15    Entered 02/05/15 13:15:43    Desc Main
Document      Page 4 of 7

*Trine*, No. 13-21520, 2015 Bankr. LEXIS 154, at *6 (Bankr. W.D.N.Y. Jan. 16, 2015); *Livecchi v. Gordon*, No. 11-02027, 2014 Bankr. LEXIS 4993, at *14-15 (Bankr. W.D.N.Y. Dec. 11, 2014); 12 Moore's Federal Practice §§ 60.48[1], 60,48[3][a] (Matthew Bender 3d ed. 2014). The grounds provided by the more specific provisions of Rule 60(b)(1) through (5) are mutually exclusive of the grounds provided by Rule 60(b)(6). 12 *Moore's Federal Practice* § 60.48[2] (Matthew Bender 3d ed. 2014). "No ground for a motion for relief from a judgment other than those set out in the six numbered clauses is recognized in Rule 60(b)." 12 *Moore's Federal Practice* § 60.40 (Matthew Bender 3d ed. 2014).

The Second Circuit has established a three-part test to determine whether a movant is entitled to Rule 60(b) relief: (1) "highly convincing" evidence supporting the motion; (2) "good cause for failing to act sooner"; and (3) no prejudice to the defendant. *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987); *Williams v. N.Y.C. Dep't of Corr.*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003). The burden of proof rests with the moving party. *Williams*, 219 F.R.D. at 84.

Ballone's motion to vacate asserts that his plan payment defaults were occasioned by a reduction in income due to inclement weather in 2014 and the failure of his customers to pay their bills on time (ECF No. 54 ¶¶ 4-5). However, the motion does not offer—or even hint at—any facts that would support relief under any of the conditions identified in Rule 60(b)(1) through (5), namely: mistake/excusable neglect; newly discovered evidence; fraud; void judgment; or satisfaction of judgment. Fed. R. Civ. P. 60(b)(1)-(5). The motion falls far short of showing "highly convincing" evidence required in the Second Circuit. *See Kotlicky*, 817 F.2d at 9. Further, the motion offers no reason or excuse for Ballone's failure to oppose the Chapter 13 Trustee's motion to dismiss, which remained pending for four months to allow Ballone a chance to cure his plan payment default. The Trustee's most recent motion to dismiss was preceded by

5

two earlier motions to dismiss, brought by the Trustee in 2012 and 2013, for Ballone's failure to make plan payments. Ballone has simply not demonstrated any basis for relief under Rule 60(b)(1) through (5) FRCP.

As for relief under Rule 60(b)(6) FRCP, the burden again rests with Ballone to show that "extraordinary" or "exceptional" circumstances justify relief. *See Trine*, 2015 Bankr. LEXIS 154, at *6-7. The rule is "properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." *Laws v. Croft*, No. 05-CV-6402CJS, 2009 U.S. Dist. LEXIS 7647, at *3 (W.D.N.Y. Jan. 29, 2009) (Siragusa, J.) (citing *Deweerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir. 1994)); *see also In re BDC 56 LLC*, 330 F.3d 111, 116, 123 (2d Cir. 2003) (citing the "extraordinary circumstances" standard), *abrogated on other grounds by In re Zarnel*, 619 F.3d 156 (2d Cir. 2010); *Emergency Beacon Corp. v. Barr*, 666 F.2d 754, 759 (2d Cir. 1981) (same). "In the vast majority of the cases finding that extraordinary circumstances do exist so as to justify relief, the movant is completely without fault for [the] predicament; that is, the movant was almost unable to take any steps that would have prevented the judgment from which relief is sought." 12 *Moore's Federal Practice* §§ 60.48[3][b] (Matthew Bender 3d ed. 2014). "A party who did not act diligently to protect his or her own interests ordinarily is not entitled to relief under Rule 60(b)(6)." 12 *Moore's Federal Practice* §§ 60.48[3][d] (Matthew Bender 3d ed. 2014). Faced with a Rule 60(b)(6) motion, the Court must attempt to balance the "ends of justice" with the preservation of the finality of judgments. *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986).

Ballone's assertion that he fell behind on Chapter 13 payments due to inclement weather and past-due client accounts does not amount to extraordinary circumstances justifying vacatur of the final order dismissing his case. His response merely suggests grounds to initially oppose

the Chapter 13 Trustee's motion to dismiss, which the Court already granted by way of a final order dismissing the case. Ballone failed to act diligently to either oppose the Trustee's motion, or catch up his plan payment arrears, or modify his Chapter 13 plan. As in *Trine*, Ballone's own inaction brought about his current predicament and caused the Court to enter a final order dismissing his case. *See Trine*, 2015 Bankr. LEXIS 154, at *10. "Rule 60(b)(6) FRCP cannot now be used to rescue [Ballone] from the consequences of [his] inaction." *Id.*

Because Ballone failed to carry his burden necessary to obtain relief under Rule 60(b)(1) through (5) or Rule 60(b)(6) FRCP, the Court declines to exercise its discretion to vacate the order of dismissal under Rule 60(b) FRCP.

### III.

### CONCLUSION

The motion to vacate the Court's final order of dismissal, pursuant to Rule 60(b) FRCP and Rule 9024 FRBP, is **DENIED**.

IT IS SO ORDERED.

Dated: February 5, 2015 _____/s/_____
      Rochester, New York      HON. PAUL R. WARREN
                                    UNITED STATES BANKRUPTCY JUDGE